UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARY ADAMS, RICARDO ADAMS, SARAH ADAMS by mother and natural guardian MARY ADAMS, AMANDA FLANNERY and ASHLEY GANTT,

    Plaintiffs,

v.

THE CITY OF ROCHESTER, GEOFFREY WIATER, JEREMY ANZALONE, MICHAEL MALECKI, DONALD LODATO, MAHOGANY TIMMONS, "JOHN DOE POLICE OFFICERS 1-20" (names and numbers of whom are unknown at present),

    Defendants.

**ANSWER TO THE PLAINTIFFS' COMPLAINT AND TO THE CROSS CLAIM OF CO-DEFENDANT GEOFFREY WIATER**

Case No.: 22-cv-6144 (FPG)

Jury Trial Demanded

---

Defendants City of Rochester, Jeremy Anzalone, Michael Malecki, Donald Lodato, and Mahogany Timmons ("City Defendants"), by their attorney Linda S. Kingsley, Esq., City of Rochester Corporation Counsel, Patrick Beath, Esq., of Counsel, hereby answer the plaintiffs' Complaint as follows:

1. Admit the allegations contained in paragraphs 2, 3, 20, 62, 71 and 72 of the Complaint.

2. Deny the allegations contained in paragraphs 5, 6, 14, 26, 28, 29, 38, 39, 41, 42, 51, 52, 59, 61, 63, 65, 66, 67, 68, 69, 70, 73, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 96, 97, 98, 99, 100, 101, 102, 103, 105, 106 and 107 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 10, 15, 16, 22, 23, 24, 25, 31, 32, 33, 34, 43, 44, 46, 47, 54, 55, 56, 57, 58, 60, 64, 74, 76, 93, 94 and 95 of the Complaint.

4. Deny the allegations set forth in paragraphs 4 and 104 of the Complaint, except

admit that, at the times and during the events alleged in the complaint, Jeremy Anzalone, Michael Malecki, Donald Lodato, and Mahogany Timmons were acting in the scope of their employment for the City of Rochester.

5. Deny the allegations set forth in paragraphs 7 and 9 of the Complaint, except admit that purported notices of claim were filed by plaintiffs Mary Adams, Ricardo Adams, Sarah Adams and Amanda Flannery, none of which have been settled or adjusted.

6. Deny the allegations set forth in paragraph 8 of the Complaint, except admit that Amanda Flannery sat for a 50-h examination.

7. Deny the allegations set forth in paragraph 11 of the Complaint, except admit that Rochester police effected a mental hygiene detention of Daniel Prude on the night of March 23, 2020, after Mr. Prude was found running naked in freezing conditions, suffering from acute PCP intoxication.

8. Deny the allegations set forth in paragraphs 12 and 13 of the Complaint, except admit that large scale demonstrations occurred in the City of Rochester on September 2-5, 2020.

9. Deny the allegations set forth in paragraph 17 of the Complaint, except admit, upon information and belief, that members of the Locust Club allowed individuals into the Locust Club office building.

10. Deny the allegations set forth in paragraph 18 of the Complaint, except admit that police were informed that members of the Locust Club had told Ashley Gantt that she could not enter the property and had to leave.

11. Deny the allegations set forth in paragraph 19 of the Complaint, except admit that, after being asked to leave, Ashley Gantt sat at a bench on Locust Club property.

12. Deny the allegations set forth in paragraph 21 of the Complaint, except admit that defendant Wiater called RPD to report that Ashley Gantt was trespassing at the Locust Club.

13. Deny the allegations set forth in paragraph 27 of the Complaint, except admit that Ashley Gantt was arrested for trespassing.

14. Deny the allegations set forth in paragraph 30 of the Complaint, except admit that Ashley Gantt was transported to the Public Safety Building.

15. Deny the allegations set forth in paragraph 35 of the Complaint, except admit that defendant Wiater, after telling plaintiffs and others to leave the Locust Club property, informed police that he wanted those who refused to leave the Locust Club property to be arrested for trespass.

16. Deny the allegations set forth in paragraph 36 of the Complaint, except admit that Amanda Flannery was arrested for trespass.

17. Deny the allegations set forth in paragraph 37 of the Complaint, except admit that Sarah Adams was arrested for trespass.

18. Deny the allegations set forth in paragraph 40 of the Complaint, except admit that Mary Adams was arrested for trespass.

19. Deny the allegations set forth in paragraph 45 of the Complaint, except admit that Ricardo Adams was arrested for trespass.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 48, 49 and 50 of the Complaint, except admit that Mary Adams, Ricardo Adams, Amanda Flannery and Ashley Gantt were transported to the Public Safety Building.

21. Deny the allegations set forth in paragraph 53 of the Complaint, except admit Mary Adams, Ricardo Adams, Amanda Flannery and Ashley Gantt were issued appearance tickets.

### FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

23. Plaintiffs' arrests and prosecutions were at all times supported by probable cause.

### THIRD AFFIRMATIVE DEFENSE

24. At all times alleged in the complaint, the actions of City Defendants were based upon their exercise of reasonable, good faith, discretion and, as such, City Defendants are immune from suit.

### FOURTH AFFIRMATIVE DEFENSE

25. Any State-law claims asserted by plaintiff Ashley Gantt are barred by her failure to file a notice of claim.

### FIFTH AFFIRMATIVE DEFENSE

26. No act or omission of any of the City Defendants was the proximate cause of any of plaintiffs' alleged injuries.

### SIXTH AFFIRMATIVE DEFENSE

27. Plaintiffs' own acts or failures to act were the sole proximate cause of their alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

28. Punitive damages are not available against the City of Rochester.

### EIGHTH AFFIRMATIVE DEFENSE

29. The individual City Defendants did not violate any clearly established law of which a reasonable police officer would have known and, as such, are entitled to qualified immunity from suit.

## RESPONSE TO THE CROSS-CLAIM OF GEOFFREY WIATER

30. The City of Rochester denies that defendant Geoffrey Wiater was at any time during the alleged incident acting in the scope of his employment with the City of Rochester or exercising any of the powers or duties incident thereto.

31. The City of Rochester denies that Defendant Wiater is entitled to defense or indemnification in this matter under either State Law, Rochester City Charter, or the Agreement between the City of Rochester and the Rochester Police Locust Club.

**WHEREFORE,** City Defendants demand judgment dismissing the Complaint and the Cross-Claim of defendant Wiater, together with the costs and disbursements of this action and such other and further relief which to the Court may seem just and proper.

Dated:   May 27, 2022                             LINDA S. KINGSLEY
                                                  Corporation Counsel


                                                  _____/S/_____
                                             BY:  PATRICK BEATH, of Counsel
                                                  *Attorneys for City Defendants*
                                                  30 Church Street, Room 400A,
                                                  Rochester, New York 14614
                                                  (585) 428-6812

To:   ROTH & ROTH LLP
      Elliot D. Shields, Esq.
      *Attorneys for Plaintiff*
      192 Lexington Avenue, Suite 802
      New York, New York 10016
      (212) 425-1020
      eshields@rothandrothlaw.com

5